IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALL STREET AUBREY GOLF, LLC,
        Plaintiff,                                         05cv1163
    v.                                                 **Electronically Filed**

EVA AUBREY, ET AL.,
        Defendants.                 **MEMORANDUM OPINION**

**November 11, 2005**

       On November 8, 2005, this Court heard argument on defendants' amended motion to dismiss (Document No. 12), and announced that the Court would grant the motion at the conclusion of argument. This memorandum opinion explains that ruling.

       The parties in this case entered into a lease and option agreement ("LOA") which provided that any disputes about the LOA "shall be construed in accordance with the laws of the Commonwealth of Pennsylvania, with venue laid in Butler County, Pennsylvania." LOA, March 4, 2005, at ¶ 29. Nevertheless, plaintiff filed this lawsuit in the United States District Court for the Western District of Pennsylvania. Although this Court has <u>territorial jurisdiction</u> over federal matters emanating from all counties in Western Pennsylvania, the United States District Court for the Western District of Pennsylvania is <u>located in</u> Allegheny County, with branch divisions in Erie and Cambria Counties. The threshold question is whether the LOA requires plaintiff to file lawsuits in the Court of Common Pleas of Butler County, Pennsylvania, and the answer to that question is "Yes."

       Plaintiff Wall Street Aubrey Golf, LLC, a Florida corporation, filed this diversity lawsuit in the Pittsburgh office of the United States District Court for the Western District of Pennsylvania, alleging that defendants breached the LOA it entered into with Eva, George and

John Aubrey and the Aubrey First Family Limited Partnership, committed fraud and misrepresentation in its inducement, and stating other claims related to the LOA. Because this Court does not have venue in Butler County, and the only court with venue in Butler County is the Court of Common Pleas, the plain and unambiguous meaning of "with venue laid in Butler County, Pennsylvania" obligates the parties to litigate claims arising from or related to the LOA in the Court of Common Pleas of Butler County.

Among other things, defendants' Amended Motion to Dismiss Pursuant to Fed.R.Civ.Proc. 12(b)(6) (Document No. 12) requests this Court to dismiss, or alternatively, to transfer the case pursuant to 28 U.S.C. § 1404(a) to the Court of Common Pleas of Butler County, based upon the forum selection clause in the LOA. Plaintiff vigorously opposes both requests.

"In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal law." Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). Such a clause is "treated as a manifestation of the parties' preferences as to a convenient forum," and while the parties' agreement on the most proper forum "should not receive dispositive weight," it is entitled to "substantial consideration." Id. at 880. "Thus, while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." Id.

As stated by the Supreme Court of the United States, "[f]orum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). A forum selection clause is presumptively valid, and will be invalidated only if the

resisting party can show (1) the clause was invalid for such reasons as fraud or overreaching, or (2) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, or (3) that enforcement of the clause would be so gravely difficult and inconvenient as to be unreasonable and unjust and that it would deprive the party of its day in court.  Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir.), cert. denied, 464 U.S. 938 (1983).

"A forum selection clause is 'unreasonable' where the defendant can make a 'strong showing' either that the forum selection clause is 'so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,' or that the clause was procured through 'fraud or overreaching.'"  Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting M/S Bremen, 407 U.S. at 15).  "[M]ere allegation of fraudulent conduct does not suspend operation of a forum selection clause. Rather, the proper inquiry is whether the forum selection clause is the result of 'fraud in the inducement of the [forum-selection] clause itself.'"  Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967).  Absent allegations that forum selection clause itself was induced by fraud or coercion,  "where it can be said with reasonable assurance that at the time they entered the contract, the parties . . . contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." M/S Bremen, at 16.

Plaintiff does not claim that the forum selection clause itself was procured by fraud or overreaching, that enforcement would violate some strong public policy of the forum, or that enforcement would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.  Instead, plaintiff argues that "venue laid in Butler County, Pennsylvania" includes

3

this Court, and that even if it did not, this forum selection clause is merely permissive (i.e., the parties <u>may</u> bring suit in the Court of Common Pleas of Butler County), not a mandatory provision prohibiting suit in other courts of competent jurisdiction which otherwise would be appropriate venues.

"Venue" is a place, a location of a court.[1] And, "laying of the venue" is defined as "A statement in a complaint naming the district or county in which the plaintiff proposes that any trial of the matter should occur." <u>Id.</u> The plain meaning of the term "venue laid in Butler County" manifests the parties' intent that any trial relating to the LOA should occur <u>in that county</u>, and not in a federal court which is not situated "in Butler County," even though its <u>territorial jurisdiction includes</u> federal cases emanating from that county.

---

[1] Black's Law Dictionary defines venue as follows:

> 1. The proper or a possible <u>place</u> for a lawsuit to proceed, usu. because the <u>place</u> has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant. 2. The county or other territory over which a trial court has jurisdiction. Cf. JURISDICTION (1), (2). 3. Loosely, the <u>place</u> where a conference or meeting is being held. 4. In a pleading, the statement establishing the <u>place</u> for trial. 5. In an affidavit, the designation of the <u>place</u> where it was made.
>
> "Venue must be carefully distinguished from jurisdiction. Jurisdiction deals with the power of a court to hear and dispose of a given case; in the federal system, it involves questions of a constitutional dimension concerning the basic division of judicial power among the states and between state and federal courts. Venue is of a distinctly lower level of importance; it is simply a statutory device designed to facilitate and balance the objectives of optimum convenience for parties and witnesses and efficient allocation of judicial resources." Jack H. Friedenthal et al., Civil Procedure § 2.1, at 10 (2d ed. 1993).

Black's Law Dictionary (8th ed.).

The United States District Court for the Western District of Pennsylvania undoubtedly has <u>jurisdiction over</u> federal cases emanating from Butler County, which is <u>in</u> the Western District of Pennsylvania, but because this Court is not <u>located in</u> Butler County, venue is not "laid in Butler County" by filing the lawsuit in this Court. By no stretch of the English language can it be said that plaintiff "laid venue" in Butler County when it filed its lawsuit in the United States District Court for the Western District of Pennsylvania in Allegheny County.

Plaintiff also argues that the forum selection clause is not exclusive or mandatory, but rather is merely permissive, reflecting its consent to be sued in the Court of Common Pleas of Butler County but not requiring that all suits be filed in that Court.  If merely permissive, plaintiff continues, it is not prohibited from "laying venue" in the United States District Court for the Western District of Pennsylvania in Allegheny County.  Plaintiff conceded at oral argument that if the clause had read "with exclusive venue" or "with sole venue" in Butler County, the provision would be mandatory.  The Court finds that even without those words, the clause "<u>shall be</u> construed in accordance with the laws of the Commonwealth of Pennsylvania, with venue laid in Butler County, Pennsylvania" clearly and unambiguously expresses a mandatory forum selection, and admits of no other meaning.

This clause would be surplusage were the Court to accept plaintiff's interpretation that "with venue laid in Butler County, Pennsylvania" merely expressed its consent to suit in Butler County and <u>permitted</u> suit to be filed in there.  From the facts alleged in plaintiff's complaint, it is unassailable that the Court of Common Pleas of Butler County has both personal jurisdiction over plaintiff and defendants, subject matter jurisdiction over plaintiff's claims, and is an appropriate venue to litigate matters related to the real estate and golf course development

located within its borders, with defendants and many witnesses also located within its borders. Because venue always existed in the Court of Common Pleas of Butler County, a provision permitting lawsuit to be filed there would make no sense.

      Plaintiff misapprehends the significance of several cases on which it relies. For instance, plaintiff relies upon Local Union 348, AFL-CIO v. Koski Constr. Co., 474 F.Supp. 370 (W.D. Pa. 1979) and Global Satellite Comm. Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1273 (11th 2004) for the proposition that a venue selection clause that designates a certain county as the venue of choice does not necessarily require the suit to be filed in the state court in that county, and does not exclude venue being laid in the federal court that encompasses that county. What plaintiff omits from its discussion of these cases is that, in each case, venue could be laid in federal court in the designated county because there was a federal court located/ situated in that county.

      In Koski Construction, the collective bargaining agreement provided that "the proper venue for the institution of any action, legal or equitable, for violations of any provision of this Agreement shall be in Erie County, Pennsylvania." The Court held that "the agreement . . . is susceptible to the interpretation that the Erie County Court of Common Pleas could have jurisdiction of disputes under the agreement, but that other forums may also be appropriate. 'Venue is proper' in the Erie Division of the U.S. District Court for the Western District of Pennsylvania under the literal terms of the provision." 474 F.Supp. at 372 (emphasis added). Similarly, in the Global Satellite case, the United States Court of Appeals for the Eleventh Circuit held that "Venue shall be in Broward County," mandated venue in Broward County, and Broward County alone, but that because it did not specify either a state or federal forum, "suit either in the Seventeenth Judicial District of Florida, or in the Fort Lauderdale Division of the

Southern District of Florida, both of which are located in Broward County, would satisfy the venue requirement." 378 F.3d 1272 (emphasis added).

Plaintiff also relies heavily on Jumara for the proposition that a clause specifying the place of arbitration as Luzerne County also included the federal district court that has territorial jurisdiction over lawsuits emanating from Luzerne County, namely, the United States District Court for the Middle District of Pennsylvania. This is accurate as far as it goes, but it overlooks the fact that the place of arbitration issue was governed by the Pennsylvania Uniform Arbitration Act ("UAA").

The agreement in the insurance policy in Jumara provided that where the two parties' arbitrators are unable to agree on a neutral third arbitrator, "either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one." The United States Court of Appeals for the Third Circuit held that "the phrase 'a court of record in the county' includes the United States District Court for the Middle District of Pennsylvania, the federal judicial district that encompasses Luzerne County." However, the Court of Appeals specifically stated:

> Our construction follows from the fact that the federal courts are "courts" within the meaning of the Pennsylvania UAA, which is incorporated in the insurance contracts. As we noted in Allstate Insurance Co. v. Gammon, 838 F.2d 73 (3d Cir. 1988), the UAA was amended to change the definition of "courts" from merely "the common pleas courts of the county having jurisdiction of the parties or the subject matter" to "any court of competent jurisdiction of [the] Commonwealth." Id. at 76-77 (quoting former § 178 of the Pa. UAA and 42 PA. CON. STAT. ANN. § 7318 (1952)). This venue provision thus permits applications for appointment of arbitrators to be made to the United States District Court for the Middle District of Pennsylvania."

Jumara, 55 F.3d at 881.

This Court may be a "court of record" under the Pennsylvania UAA, but that does not mean that venue has been laid in Butler County by the filing of a lawsuit in federal court in Allegheny County. See Relm Wireless Corp. v. C.P. Allstar Corp., 2003 WL 21961393, *1 (E.D.Pa. 2003) (Judge Becker's opinion in Jumara "yields the unobjectionable proposition that this federal court is a 'court of record' for Chester County - in fact, it may be said properly that the Eastern District of Pennsylvania is a 'court of record' for all nine of the counties in its jurisdiction. However, it does not follow that this court can be said to have a Chester County venue.").

Having determined that "venue laid in Butler County" precludes suit in this Court, dismissal is the appropriate disposition, rather than transfer to the Court of Common Pleas of Butler County. Although defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) requests, in the alternative, transfer to the Court of Common Pleas of Butler County pursuant to 28 U.S.C. § 1404(a), section 1404(a) pertains only to transfers from an initial federal forum to another federal court, based on a valid forum selection clause, not from a federal forum to a state forum. See Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289 (3d Cir. 2001) ("Transfer is not available . . . when a forum selection clause specifies a non-federal forum. In that case, it seems the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice.").

Although there is disagreement over whether dismissal should be made pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(3), or 12(b)(6), Salovaara, id. at 298 n.6, the United States Court of Appeals for the Third Circuit recognized Fed.R.Civ.P. 12(b)(6) as an appropriate rule under

which to proceed. Since defendants' request to dismiss was made pursuant to Rule 12(b)(6), this Court's dismissal is predicated on that rule. The Court has no doubt, however, that analysis of the proper venue in this case under section 1404(a) would establish the Court of Common Pleas of Butler County as the most appropriate venue and forum for this litigation.

For the foregoing reasons, the Court will dismiss this case, but plaintiff may file a complaint in, or in attempt to avail itself of the statutory mechanism for transfer to, the Court of Common Pleas of Butler County. 42 Pa.C.S. § 5103(b).[2]


        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge


cc:     All counsel of record as listed below

Jay D. Marinstein, Esquire
Patrick L. Abramowich, Esquire
Fox Rothschild
625 Liberty Avenue, 29th Floor
Pittsburgh, PA 15222-3115

Jennifer R. Linn, Esquire
228 South Main Street
P.O. Box 1554
Butler, PA 16003-1554

---

[2] After announcing, following oral argument, the intent of the Court to grant the motion to dismiss pursuant to the forum selection clause, the Court invited plaintiff's counsel to draft an appropriate order of dismissal or offer language for an order that would protect his client if there were any statute of limitations problems. The Court was advised there were no statute of limitations concerns.